UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RUSSELL ROUZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02302-TWP-MPB |
| | ) | |
| B. JAFFE, | ) | |
| CORIZON, | ) | |
| ALFA FINOTE, | ) | |
| WEXFORD INDIANA, | ) | |
| MICHAEL MITCHEFF, | ) | |
| R. SCHNARR, | ) | |
| W. SPANENBERUG, | ) | |
| LT. PEREZ, | ) | |
| TAYLOR FORQUER, | ) | |
| CENTURION, | ) | |
| L. NICOSON, | ) | |
| RYANE, | ) | |
| JODY MELOCHE, | ) | |
| SMOOTHERY, | ) | |
| BRIANT SMITH, | ) | |
| DUSHAN ZATECKY, | ) | |
| K. HARTZELL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court for screening of the Plaintiff's Complaint. Russell Rouzier ("Mr. Rouzier"), an inmate in the Indiana Department of Correction, alleges that various medical professionals and prison officials violated his right to receive medical care at Putnamville Correctional Facility from 2016 until 2021. Because the he is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Rouzier asserts claims for damages and injunctive relief against 19 defendants. They include:

- the Indiana Department of Correction (IDOC);
- Putnamville Correctional Facility (PCF);
- PCF Superintendents Dushan Zatecky and Brian Smith;
- Assistant Warden Z. Hartzell;
- Corizon Health Services, Wexford of Indiana, LLC, and Centurion of Indiana, which contracted to provide medical care to IDOC and PCF inmates;
- Drs. Alfa Finote, Michael Mitcheff, W. Spanenberug, and Perez, who were employed to provide medical services to IDOC and PCF inmates;

- Nurses R. Schnarr, L. Nicoson, Taylor Forquer, Jody Meloche, Ryane, and Smoothery, who were employed to provide medical services to IDOC and PCF inmates;

- attorney B. Jaffe, who represented Mr. Rouzier in his criminal trial.

He bases these claims on the following allegations.

In 2015, doctors suspected Mr. Rouzier had multiple sclerosis (MS). Before they could confirm his diagnosis with an MRI, Mr. Rouzier was arrested, prosecuted, and imprisoned.

Mr. Rouzier informed his criminal attorney, B. Jaffe, of his medical condition. This did not result in Mr. Rouzier receiving proper care either while awaiting trial or after he entered the IDOC.

Mr. Rouzier experienced pain, headaches, and vision problems, which are symptomatic of MS. After he arrived at PCF in 2016, he repeatedly requested treatment for those symptoms, referral for an MRI, and specialized care. These requests were all denied until November 2020, when Dr. Perez requested that Mr. Rouzier be referred for an MRI and Dr. Mitcheff approved the request. On March 19, 2021, Dr. Gary Rusk, a neurologist, diagnosed Mr. Rouzier with MS.

After his diagnosis, Mr. Rouzier did not receive all the medications Dr. Rusk prescribed. Nurse Meloche falsely documented that she administered medications that Mr. Rouzier never received. He also received the wrong medications during the spring of 2021. Because of that error, he had to return to the specialist and restart his treatment. Afterward, the medical staff again failed to provide all his medication.

### III. Discussion of Claims

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth

Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021).

The allegations in the complaint support plausible Eighth Amendment medical care claims against certain defendants. Some claims, however, are barred by the statute of limitations. Others fail because the allegations do not support a reasonable inference that the defendant violated Mr. Rouzier's rights.

A.    **Claims That are Untimely**

Claims for damages under 42 U.S.C. § 1983 "borrow the limitations period and tolling rules applicable to personal-injury claims under state law." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). "The pertinent Indiana statute of limitations is two years." *Id.* (citing Ind. Code § 34–11–2–4).

Mr. Rouzier asserts throughout his complaint that his denial of medical care was one series of events, such that the earliest and latest actions in the complaint are part of one claim that accrued at the time of the latest actions. When a plaintiff alleges "an ongoing denial of care," he alleges "a continuing violation for accrual purposes." *Wilson v. Wexford Health Sources*, 932 F.3d 513, 517 (7th Cir. 2019). Yet, under § 1983, a defendant can be liable only for his or her own acts or omissions. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) (Liability under § 1983 "is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.") (internal quotation omitted). In this case, the "alleged wrong—the refusal to provide medical care—'continue[s] for as long as the

defendant[] had the power to do something about'" the plaintiff's condition. *Id.* at 517–18 (quoting *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001).

Mr. Rouzier signed his complaint on November 29, 2022. Dkt. 1 at 15. Therefore, claims against defendants whose involvement in his medical care ended before November 29, 2020, are untimely. These include:

- Corizon, whose contract with the IDOC ended April 1, 2017. dkt. 1 at ¶ 6.
- Dr. Finote, who was employed by Corizon, and whose involvement ended in 2016. *Id.* at ¶ 7.
- Nurse Schnarr, whose involvement ended in December 2019. *Id.* at ¶ 10.
- Dr. Spanenberug, whose involvement ended in November 2018. *Id.* at ¶ 11.
- Mr. Smith, who retired sometime before October 2020. *See id.* at ¶ 43 (describing Mr. Zatecky's actions as warden).

"Equitable tolling of the statute of limitations 'permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing.'" *Savory v. Lyons*, 469 F.3d 667, 673–74 (7th Cir. 2006) (quoting *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 561 (7th Cir.1996)). Indiana law governs any argument for equitable tolling. *See Moore v. Burge*, 771 F.3d 444, 447 (7th Cir. 2014) ("[S]tate tolling rules govern when state law supplies the period of limitations."). In Indiana, equitable tolling is available when a plaintiff "cannot reasonably be expected to sue in time" due to "circumstances beyond [their] control," including disability or an irremediable lack of information. *Behavioral Inst. of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005).

Mr. Rouzier asks the Court to permit all his claims to proceed because he attempted to raise them in a lawsuit in February 2021 but could not sustain his attention on the matter because of his illnesses and COVID-19. Dkt. 1 at ¶ 54. While the Court does not doubt the significance of these

impairments, claims against some defendants would have been expired even by February 2021. Moreover, as Mr. Rouzier notes in his complaint, he filed a lawsuit concerning other medical conditions in 2021. Dkt. 1 at ¶ 54. The docket reflects that he litigated that action himself for over a year before retaining counsel. *See Rouzier v. Wexford Medical Source, et al.*, 2:21-cv-00072-JPH-MJD. Mr. Rouzier's explanation does not support an inference that he was unable to bring his claims before February 2021 or assert them in another lawsuit simultaneously.

Although untimeliness is an affirmative defense, a Court may dismiss a claim *sua sponte* if "the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous." *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal is appropriate at screening). That is the case here. The allegations in the complaint make clear that claims against these defendants expired well before Mr. Rouzier filed suit. He offered additional allegations in an effort to demonstrate that he could not reasonably have been expected to bring those claims in time, and they fail to support a reasonable inference that he was unable to file suit in 2018, 2019, 2020, 2021, or even earlier in 2022, when some of these claims were still timely. Therefore, claims against Corizon, Dr. Finote, Dr. Spanenberug, Nurse Scnharr, and Mr. Smith are **dismissed** as **untimely**.

**B.     Other Claims That Fail**

The Eleventh Amendment bars private lawsuits for damages in federal court against a state that has not consented, *Joseph v. Board of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir. 2005), and "[a]n agency of the state enjoys this same immunity," *Nuñez v. Indiana Dep't*

*of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). Therefore, claims against the IDOC are **dismissed** for **failure to state a claim** upon which relief may be granted.

Claims against PCF are **dismissed** for **failure to state a claim** upon which relief may be granted because the prison itself is "a non-suable entity." *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Claims against Nurse Ryane are **dismissed** for **failure to state a claim** upon which relief may be granted because the complaint asserts no allegations against her. No reasonable trier of fact could infer that she was personally involved in any deprivation of Mr. Rouzier's rights. *Colbert*, 851 F.3d at 657.

Finally, claims against Attorney B. Jaffe are **dismissed** for **failure to state a claim** upon which relief may be granted. Attorney Jaffe had a constitutional obligation to effectively defend Mr. Rouzier against prosecution. The complaint does not allege that Mr. Rouzier retained Attorney Jaffe for representation beyond the criminal case. Accordingly, the suggestion that Attorney Jaffe was obligated under the Eighth Amendment to ensure Mr. Rouzier's access to medical care is frivolous.

**C.    Claims That Will Proceed**

The allegations expressed in the complaint and summarized in Part II support reasonable inferences that the remaining defendants either:

- directly denied or prevented Mr. Rouzier from receiving treatment for MS and the symptoms he suffered from it;
- delayed his receipt of MS treatment after it was ordered by a doctor; or
- knew Mr. Rouzier was not receiving necessary treatment for serious medical conditions but declined to act.

The allegations also support a reasonable inference that these violations occurred because of corporate policies or practices of Wexford and Centurion. Therefore, the action **will proceed** with

claims for damages and injunctive relief against Dushan Zatecky, Z. Hartzell, Wexford of Indiana, LLC, Centurion of Indiana, Dr. Michael Mitcheff, Dr. Perez, Nurse L. Nicoson, Nurse Taylor Forquer, Nurse Jody Meloche, and Nurse Smoothery pursuant to 42 U.S.C. § 1983 and the Eighth Amendment.

### IV. Service of Process

The action **will proceed** with the claims identified in Part III(C). All other claims are **dismissed**.

The claims discussed in Part III are the only claims the Court identified when screening the complaint. If Mr. Rouzier believes he alleged additional claims that the Court did not address, he must notify the Court **no later than April 21, 2023**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to update the docket such that the following are the only defendants:

- Dushan Zatecky;
- Z. Hartzell;
- Wexford of Indiana, LLC;
- Centurion of Indiana;
- Dr. Michael Mitcheff;
- Dr. Perez;
- Nurse L. Nicoson;
- Nurse Taylor Forquer;
- Nurse Jody Meloche; and

- Nurse Smoothery.

The **clerk is directed** to **terminate** the following defendants from the docket: Corizon, Dr. Finote, Nurse Schnarr, Dr. Spanenberug, Mr. Smith, IDOC, PCF, Nurse Ryane, and B. Jaffe.

The **clerk is directed** to serve Defendants Zatecky and Hartzell, of the Indiana Department of Correction, electronically. The **clerk is directed** to serve Wexford and Centurion, as well as Centurion employees Dr. Perez and Nurse Forquer, electronically.

Wexford and Centurion are **ORDERED** to provide the full name and last known home address of any employee-defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

**IT IS SO ORDERED.**

Date: 3/23/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RUSSELL ROUZIER
259392
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Electronic service to IDOC employees at Putnamville Correctional Facility:

    Dushan Zatecky (Warden)
    Z. Hartzell (Deputy Warden)

Electronic service to Centurion of Indiana and Employees:

    Dr. Perez
    Nurse Taylor Forquer

Electronic service to Wexford of Indiana, LLC

Dr. Michael Mitcheff
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135

Nurse L. Nicoson
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135

Nurse Jody Meloche
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135

Nurse Smoothery
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135